UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00132-GCM

| TRAVIS MCCANTS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CHUM HARRISON, et al., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on review of Plaintiff's Complaint. [Doc. 1].

## I. BACKGROUND

In this action filed on May 23, 2024, pro se Plaintiff Travus McCants ("Plaintiff"), a state prisoner currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina, brings this action pursuant to 42 U.S.C. § 1983 against several officials at Scotland Correctional Institution in Laurinburg, North Carolina.[1] [Doc. 1 at 1-3]. Plaintiff alleges that Defendants violated his rights under the Eighth Amendment. [Id. at 3]. Plaintiff alleges that he has suffered head trauma, and he seeks monetary and injunctive relief. [Id. at 5, 16-17].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or

---

[1] Laurinburg, North Carolina, is in the Middle District.

a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Middle District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Middle District of North Carolina. The Court will transfer this action to the Middle District of North Carolina.

### III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Middle District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Middle District of North Carolina.
2. The Clerk is instructed to terminate this action.

Signed: May 28, 2024

Graham C. Mullen
United States District Judge